IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DILLON AUTO SALES, INC., a Nebraska Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MOTORISTS COMMERCIAL MUTUAL INSURANCE COMPANY, an Ohio Corporation;<br><br>Defendant. | 8:24CV3213<br><br>**FIRST AMENDED FINAL PROGRESSION ORDER** |

This matter comes before the court on the parties' Joint Motion to Extend Final Progression Order. (Filing No. 27). For good cause shown, that motion is granted. After conferral with the parties, some proposed deadlines have been changed by the court.

Accordingly, IT IS ORDERED that the final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge originally scheduled on **September 16, 2025** <u>is continued</u> and will now be held **November 19, 2025** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. ([Filing No. 9](#)).

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is October 29, 2025. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by November 12, 2025.

1

> **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadline for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is: October 30, 2025.

4) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):    December 1, 2025.

    For the defendant(s):    February 2, 2026.

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is March 2, 2026.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

    b. Depositions will be limited by Rule 30(d)(1).

6) The deadline for filing motions to dismiss and motions for summary judgment is April 3, 2026.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is April 3, 2026.

8) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

10)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 1st day of August, 2025.

                                           BY THE COURT:

                                           s/ Ryan C. Carson

                                           United States Magistrate Judge